UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


ROBERT BUIE,                       :
        Petitioner,                :
                                   :              PRISONER
     v.                            :     Case No. 3:09cv1128 (AWT)
                                   :
STATE OF CONNECTICUT,              :
        Respondent.                :


            **RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

    Petitioner Robert Buie brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his November 2008 conviction on burglary and sexual assault charges. For the reasons that follow, the petition is being dismissed.

**I.   Discussion**

    On November 5, 2008, a jury in Connecticut Superior Court for the Judicial District of Waterbury, convicted the petitioner of one count of attempted aggravated sexual assault in the first degree, two counts of accessory to aggravated sexual assault in the first degree, one count of conspiracy to commit aggravated sexual assault in the first degree and one count of burglary in the first degree. *See* Pet. Writ Habeas Corpus at 2. On January 9, 2009, a judge sentenced the petitioner to forty years of imprisonment.

    A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C.

§ 2254(b)(1)(A).  The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts."  *Id.* at 845.

The Second Circuit requires the district court to conduct a two-part inquiry.  First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it."  *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted).  Otherwise, the state courts will not have had an opportunity to correct the alleged errors.  *See O'Sullivan*, 526 U.S. at 845 (if petitioner raises different factual issues under the same legal theory he is required to present each factual claim to the highest state court in order to exhaust his state remedies).  Second, he must have utilized all available means to secure appellate review of his claims. *Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).  The Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile.  *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); 28 U.S.C. § 2254(b)(1)(B)(ii) (exhaustion not required if "circumstances exist that render such

process ineffective to protect the rights of the applicant").

The petitioner states that his attorney at trial has appealed his conviction, but has failed to file the necessary paperwork to permit the appeal process to continue. The petitioner does not state that he has attempted to obtain and file the necessary paperwork himself or that he has moved to have his attorney withdraw and have successor counsel appointed. Furthermore, the petitioner concedes that he has not filed a petition for writ of habeas corpus in state court raising the claims in this petition. Thus, the petitioner fails to satisfy the criteria for excusing the exhaustion requirement.

## II.  Conclusion

The petition for writ of habeas corpus [**Doc. #2**] is hereby **DISMISSED** without prejudice for failure to exhaust state court remedies.[1]  The court concludes that jurists of reason would not find it debatable that the petitioner failed to exhaust his state court remedies. Thus, a certificate of appealability will not

---

[1] Where a petition contains both exhausted and unexhausted claims, the district court should not dismiss the petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court. See *Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court). Here, however, the petitioner has not fully exhausted any claim included in his federal petition. Thus, a stay is inappropriate.

issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgement and close this case.

It is so ordered.

Dated this 7th day of June, 2010, at Hartford, Connecticut.

                                            /s/AWT
                                    Alvin W. Thompson
                           United States District Judge